FILED

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL STEVE DIXON,

            Plaintiff-Appellant,

    v.

S. LAROSA, Correctional Officer; et al.,

            Defendants-Appellees.

No. 15-15812

D.C. No. 2:10-cv-01441-TLN-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Daniel Steve Dixon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action arising out of an allegedly retaliatory cell search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

The district court properly granted summary judgment on Dixon's retaliation claim against defendant LaRosa because Dixon failed to raise a genuine dispute of material fact as to whether LaRosa was aware of any protected activity when he searched Dixon's cell. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

To the extent that Dixon intended to challenge the dismissal of his retaliation claim against defendant Keenan, we do not consider this issue because it was not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**